**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

---

KRISTIN RENEE MAROUN and
GEORGE CHARLES MAROUN JR.

      Plaintiffs,

  v.

NORFOLK & DEDHAM MUTUAL FIRE INSURANCE COMPANY; JEFFREY JAMES OWES; THE ESTATE OF JEFFREY JAMES OWENS; and GEICO GENERAL INSURANCE COMPANY

Defendants.

---

## COMPLAINT

The plaintiffs, Kristin Renee Maroun and George Charles Maroun Jr. allege as follows:

## NATURE OF THE ACTION

1. This is an action for negligence, negligent infliction of emotional distress, violations of M.G.L 93a, underinsured motorist benefits and Breach of Contract under the common laws of the Commonwealth of Massachusetts.

2. Jeffrey Owen was the operator of an automobile which negligently struck the plaintiff's vehicle at a high rate of speed causing the plaintiffs vehicle to roll over 3 times. Due to the serious impact both Kristin Maroun and George Maroun suffered severe and permanent injuries on August 13, 2017. Jeffrey Owens carried automobile insurance with Bodily Injury policy limits of $300,000.00 (three hundred thousand dollars). Kristin Maroun and George Maroun also carried automobile insurance including a declaration for uninsured of underinsured motorists.

## THE PARTIES

3. Kristin Renee Maroun (hereinafter "Plaintiff") is an individual who resides at 30 Blueberry Hill Road in Amherst New Hampshire.

4. George Charles Maroun Jr. (hereinafter "Plaintiff") is an individual who resides at 30 Blueberry Hill Road in Amherst New Hampshire.

5. Jeffrey James Owens (hereinafter "Owens") at the time of the automobile accident was a resident of Peabody Massachusetts and his motor vehicle he was operating was also registered in Massachusetts.

6. Norfolk and Dedham Fire Insurance Company (hereinafter "Norfolk") is an insurance company licensed and registered within the Commonwealth of Massachusetts, with a

principal office located at 222 Ames Street, Dedham Massachusetts. Defendant is in the business of providing automobile insurance to individual consumers throughout Massachusetts.

7. Defendant, Geico General insurance Company (hereinafter "Geico") is an automobile insurance licensed and registered within the Commonwealth of Massachusetts, with a principal office located at One GEICO Plaza; Washington, D.C. At all relevant times hereto,. GEICO was in the. business of providing automobile insurance to individual consumers throughout Massachusetts.

## JURISDICTION AND VENUE

8. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a). The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens and companies of different states.

9. Venue is proper within this judicial district pursuant to 28 U.S.C. 1391(b).

10. This Court has personal jurisdiction over Owens because he was a citizen of the Commonwealth of Massachusetts and is subject to general jurisdiction in this Court.

11. Upon information and belief Owens passed away suddenly sometime after the automobile accident on August 13, 2017.

12. This Court has personal Jurisdiction over GEICO by virtue of its transactions, marketing, advertising and conducting trade/business throughout the Commonwealth at all times relevant.

13. This Court has personal Jurisdiction over NORFOLK by virtue of its transactions, marketing, advertising and conducting trade/business throughout the Commonwealth at all times relevant

<u>Count 1</u>
NEGLIGENCE

(Kristin Renee Maroun v. Jeffrey Owens et al.)

14. The Plaintiff repeats and realleges the preceding paragraphs of this Complaint and incorporates same herein.

15. At all relevant times including the date of August 13, 2017, Plaintiff Kristin Maroun was the passenger of her automobile on interstate 93 Northbound in Salem New Hampshire travelling at approximately 65 mph.

16. The vehicle Kristin Maroun was a passenger in was suddenly and violently struck on the right rear quarter at a high rate of speed by the vehicle operated by Owens.

17. Kristin Maroun vehicle was hit with such and impact it rolled three times and ended in a ditch off of the interstate 93.

18. Kristin Maroun was rushed to Parkland Medical Center in Derry New Hampshire with an amputated ear, multiple lacerations on her head and face. Multiple trauma to her extremities and required stiches and bandaging throughout her entire body.

19. Kristin Maroun is the mother of a severely disabled, certified incompetent by the New Hampshire Courts son. She would not conscent to being admitted to the hospital because someone needed to be home to take care of her child. Kristin Maroun is also the mother of 4 (four) other children.

20. The total bill for Kristin Maroun's stay at the Emergency room only totaled $29,148.24 (Twenty nine thousand one hundred and forty eight dollars and twenty four cents.)

21. Kristin Maroun has permanent scarring on the entire left side of her face and ear.

22. Owens operated his vehicle in a negligent and careless manner

operated in a safe and careful manner.

23. As a direct and proximate result of the negligence of the Defendant, the Plaintiff Kristin Maroun has been caused to suffer, and continues to suffer severe and permanent injuries. The Plaintiff Kristin Maroun has suffered great pain of body and mind. Kristin Maroun does not

enjoy life as she did prior to the occurrence.  Award this plaintiff a sum to be determined at trial, but sufficient to meet the jurisdictional requirements of this Honorable Court, plus interest, costs and attorneys' fees.

## Count 1
## NEGLIGENCE

(George Charles Maroun Jr. v. Jeffrey Owens et al.)

24. The Plaintiff repeats and realleges the preceding paragraphs of this Complaint and incorporates same herein.

25. At all relevant times including the date of August 13, 2017, Plaintiff George Charles Maroun Jr. was the passenger of her automobile on interstate 93 Northbound in Salem New Hampshire travelling at approximately 65 mph.

26. The vehicle George Charles Maroun Jr. was a passenger in was suddenly and violently struck on the right rear quarter at a high rate of speed by the vehicle operated by Owens.

27. George Charles Maroun Jr. vehicle was hit with such and impact it rolled three times and ended in a ditch off of the interstate 93.

28. George Charles Maroun Jr. was rushed to Parkland Medical Center in Derry New Hampshire with a Broken nose and laceration requiring stiches on the bridge of nose, a deep laceration over his left eye requiring 14 stiches, head trauma, multiple lacerations on his head and face. Multiple trauma to his extremities which made it difficult to breath.

29. George Charles Maroun Jr. is the father of a severely disabled, certified incompetent by the New Hampshire Courts son. He would not consent to being admitted to the hospital because someone needed to be home to take care of his child while his wife was having her ear re attached. George C. Maroun Discharged himself in his Johnny and took a cab home to take care of his awakening son.

30. The total bill for George Charles Maroun Jr. stay at the Emergency room only totaled $19,965.00 (nineteen thousand nine hundred and sixty five dollars.)

31. George Charles Maroun Jr. has permanent scarring on over his eye and a large lump and scar on his nose.

32. Owens operated his vehicle in a negligent and careless manner.

33. As a direct and proximate result of the negligence of the Defendant, the Plaintiff George Charles Maroun Jr. has been caused to suffer, and continues to suffer severe and permanent injuries. The Plaintiff George Charles Maroun Jr. has suffered great pain of body and mind. George Charles Maroun Jr. does not enjoy life as he did prior to the occurrence. Award this plaintiff a sum to be determined at trial, but sufficient to meet the jurisdictional requirements of this Honorable Court, plus interest, costs and attorneys' fees.

## COUNT 111
## M.G.L 93A

(George Charles Maroun Jr. and Kristin Renee Maroun v. Norfolk & Dedham Mutual Fire Insurance Company)

The Plaintiffs repeat and re-allege the preceding paragraphs of this Complaint and incorporate same herein.

34. At all relevant times, Norfolk was acting as the authorized insurance company of its insured, Owens

35. Plaintiffs provided in a timely fashion to Norfolk all requested medical bills, reports, photographs and additional materials in their possession to allow Norfolk to properly investigate the claim.

36. Plaintiffs submitted a demand package to Norfolk on or about July 6 of 2018 which clearly outlined Plaintiffs medical injuries

37. Norfolk has nevertheless refused to offer any reasonable settlement of this claim in any amount.

38. The only offer of settlement was made to Plaintiff Kristin Renee Maroun in an amount which would not even cover the emergency room visit and bill.

39. On December 20, 2012, Plaintiffs served a demand for relief under G.L. c. 93A and 176D to DDD Insurance. A copy of the letter of demand is attached hereto as Exhibit "A".

40. The ongoing unfair and deceptive acts and practices of Norfolk have now forced the Plaintiffs to file suit, as Norfolk refuses to tender any reasonable settlement offer.

41. Norfolk has committed an unfair claims settlement practice in violation of G.L. c. 93A and 176D, §3, which include the following unfair practices:

    a. Section 3(9)(d): "Refusing to pay claims without conducting a reasonable investigation based upon all information."

    b. Section 3(9)(f): "Failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear."

    c. Section 3(9)(n): "Failing to provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement."

42. Norfolks refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the acts and practices complained of violated Chapter 93A and 176D.

43. The acts of Norfolk were willful and knowing acts in violation of G.L. c. 93A and 176D.

44. The failure of Norfolk to make a reasonable offer of settlement is a willful and knowing violation of G.L. c. 93A and 176D.

45. As a result of said Defendant's unfair and deceptive acts and practices, the Plaintiffs have incurred substantial damages and costs.

WHEREFORE, the Plaintiffs, pray that the Court grant the following relief against Norfolk :

   a. Find that the conduct of the Defendant was a violation of Chapter 93A and 176D.

   b. Find that the actions of Defendant were willful and knowing violations of Chapter 93A and 176D and/or that its refusal to grant relief upon demand was made in bad faith.

   c. Award damages to the Plaintiffs in an amount to be determined at trial, plus interest and costs as provided by law;

   d. Award Plaintiffs double/treble damages and attorneys' fees on his claims.

   e. Grant other such relief as the Court deems just and appropriate

## COUNT IV

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

(Kristine Renee Maroun v. Owens et al.)

46. The Plaintiff Kristin Renee repeat and re-allege the preceding paragraphs of this Complaint and incorporate same herein.

47. Defendant, Owens owed a duty of care to the Plaintiff under the circumstances existing.

48. Defendant, Owens breached that duty of care through its negligent conduct.

49. The Plaintiff suffered severe emotional distress and physical harm as a result of the Defendant's negligence.

WHEREFORE, the Plaintiff demands judgment and damages against the Defendant, Owens et al in a sum to be determined at trial, but sufficient to meet the jurisdictional requirements of this Honorable Court, plus interest, costs and attorneys' fees.

## COUNT V

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

(George C. Maroun Jr. v. Owens et al.)

50. The Plaintiff George C. Maroun Jr. repeat and re-allege the preceding paragraphs of this Complaint and incorporate same herein.

51. Defendant, Owens owed a duty of care to the Plaintiff under the circumstances existing.

52. Defendant, Owens breached that duty of care through its negligent conduct.

53. The Plaintiff suffered severe emotional distress and physical harm as a result of the Defendant's negligence.

WHEREFORE, the Plaintiff demands judgment and damages against the Defendant, Owens et al in a sum to be determined at trial, but sufficient to meet the jurisdictional requirements of this Honorable Court, plus interest, costs and attorneys' fees.

### Count VI

George C. Maroun Jr. v. GEICO

Underinsured Motorist Benefits

The Plaintiff George C. Maroun Jr. repeat and re-allege the preceding paragraphs of this Complaint and incorporate same herein.

54. On August 13, 2017, Jeffrey Owens, the underinsured driver carelessly and negligently operated his vehicle so as to cause a collision with the vehicle the plaintiff was a passenger.owed a duty of care to the Plaintiff under the circumstances existing.

55. As a direct and proximate result of the negligence of the underinsured Defendant, the Plaintiff George Charles Maroun Jr. has been caused to suffer, and continues to suffer severe and permanent injuries. The Plaintiff George Charles Maroun Jr. has suffered great pain of body and mind. George Charles Maroun Jr. does not enjoy life as he did prior to the occurrence.

56. Defendant, Geico, issued in exchange for valuable consideration a policy of automobile insurance to the Plaintiff, which provided, inter alia, uninsured/underinsured motorist benefits. Policy Number 916807232A.

57. Defendant Geico has unjustly refused to pay and has not complied with the terms of the uninsured/underinsured motorist benefits.

58. Defendant Geico was sent such a demand on October 12, 2017.

WHEREFORE, the Plaintiff demands judgment and damages against the Defendant GEICO in excess of the sum of the uninsured/underinsured motorist benefits and any other relief the Court Deems Just and Proper.

## **JURY DEMAND**

Plaintiff's request a trial by jury of any issue so triable as of right pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Respectfully submitted by,

Kristin Renee Maroun
George Charles Maroun Jr.

By their Attorney,

*/s/ George C. Maroun Jr.*
George Charles Maroun, Jr.   Bar #674213
First Cir. Appeals #1146512
91 Montvale Avenue, Suite 200
Stoneham, MA 02180(781) 281-474

Dated: 08-13-2020