UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KRISTIN RENEE MAROUN, AND<br>GEORGE CHARLES MAROUN, JR.<br><br>    Plaintiffs,<br><br>v.<br><br>NORFOLK & DEDHAM MUTUAL FIRE<br>INSURANCE COMPANY; JEFFERY JAMES<br>OWES; THE ESTATE OF JEFFERY JAMES<br>OWENS; AND GEICO GENERAL INSURANCE<br>COMPANY,<br><br>    Defendants. | 1:20 -CV -11523 - MPK |

**DEFENDANT, NORFOLK & DEDHAM MUTUAL FIRE INSURANCE COMPANY'S ANSWER AND JURY CLAIM TO THE PLAINTIFFS' AMENDED COMPLAINT**

    The defendant, Norfolk & Dedham Mutual Fire Insurance Company, makes this its answer to the plaintiffs' amended complaint.

**NATURE OF THE ACTION**

1. The defendant states that the Amended Complaint speaks for itself and no response is required. To the extent that a response is requires the defendant calls upon the plaintiffs to prove the allegations in paragraph 1.

2. The defendant admits that Jeffery Owens was the operator of an automobile and that he was a named insured on an automobile policy of insurance. The defendant denies the remaining allegations contained in paragraph 2.

**THE PARTIES**

3. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and call upon the plaintiffs to prove the same.

4. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and call upon the plaintiffs to prove the same.

5. The defendant admits the allegations contained in paragraph 5.

6. The defendant admits the allegations contained in paragraph 6.

## **JURISDICTION AND VENUE**

7. The defendant states that the allegations contained in paragraph 7 call for a conclusion of law and, hence do not require a response. To the extent that they are deemed to require a response, the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and calls upon the plaintiffs to prove the same.

8. The defendant states that the allegations contained in paragraph 8 call for a conclusion of law and, hence do not require a response. To the extent that they are deemed to require a response, the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and calls upon the plaintiffs to prove the same.

9. The defendant states that the allegations contained in paragraph 9 call for a conclusion of law and, hence do not require a response. To the extent that they are deemed to require a response, the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and calls upon the plaintiffs to prove the same.

10. The defendant admits that Owen passed away. The defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 and calls upon the plaintiffs to prove the same.

11. The defendant states that the allegations contained in paragraph 11 call for a conclusion of law and, hence do not require a response. To the extent that they are deemed to require a response, the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and calls upon the plaintiffs to prove the same.

## COUNT I
### NEGLIGENCE
### (Kristin Renee Maroun v. Jeffrey Owens, et al.)

12. The allegations in paragraphs 12 through 24 are not directed to the defendant, and therefore do not require a response.  To the extent that they are deemed to require a response, the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 12 through 24 and calls upon the plaintiffs to prove the same.

## [SIC] COUNT I
### NEGLIGENCE
### (George Charles Maroun, Jr. v. Jeffrey Owens, et al.)

25. The allegations in paragraphs 25 through 35 are not directed to the defendant, and therefore do not require a response.  To the extent that they are deemed to require a response, the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 25 through 35 and calls upon the plaintiffs to prove the same.

## COUNT III
### M.G.L. 93A
### (George Charles Maroun, Jr. and Kristin Renee Maroun v. Norfolk & Dedham Mutual Fire Insurance Company)

36. The defendant admits that Owens was an insured under a policy insured with Norfolk & Dedham Mutual Fire Insurance Company.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 36 and calls upon the plaintiffs to prove the same.

37. The defendant denies the allegations contained in paragraph 37.

38. The defendant denies the allegations contained in paragraph 38.

39. The defendant denies receiving the color photographs of the injuries attached to plaintiff's complaint as Exhibit A.

40. The defendant denies the allegations contained in paragraph 40.

41. The defendant admits that it made an offer to Kristin Renee Maroun.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 41 and calls upon the plaintiffs to prove the same.

42. The defendant denies the allegations contained in paragraph 42.

43. The defendant denies the allegations contained in paragraph 43 a through c.

44. The defendant denies the allegations contained in paragraph 44.

45. The defendant denies the allegations contained in paragraph 45.

46. The defendant denies the allegations contained in paragraph 46.

47. The defendant denies the allegations contained in paragraph 47.

WHEREFORE, the defendant demands that the plaintiffs' amended complaint against it be dismissed and that judgment entered for the defendant, together with its cost.

## COUNT IV
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Kristin Renee Maroun v. Owens, et al.)

48. The allegations in paragraphs 48 through 51 are not directed to the defendant, and therefore do not require a response. To the extent that they are deemed to require a response, the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 48 through 51 and calls upon the plaintiffs to prove the same.

WHEREFORE, the defendant demands that the plaintiffs' amended complaint against it be dismissed and that judgment entered for the defendant, together with its cost.

## COUNT V
### NEGLIFENT INFLICTION OF EMOTIONAL DISTRESS
### (George C. Maroun Jr. v. Owens, et al)

52. The allegations in paragraphs 52 through 55 are not directed to the defendant, and therefore do not require a response. To the extent that they are deemed to require a response, the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 52 through 55 and calls upon the plaintiffs to prove the same.

WHEREFORE, the defendant demands that the plaintiffs' amended complaint against it be dismissed and that judgment entered for the defendant, together with its cost.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred by their own negligence and/or the negligence of other persons or entities over which Norfolk & Dedham has no control.

### SECOND AFFIRMATIVE DEFENSE

The plaintiffs fail to state a claim upon which relief may be granted and the amended complaint should be dismissed pursuant to Fed. R. Civ. P. 12.

### THIRD AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred because they fail to identify any misrepresentations with specificity as required by Fed. R. Civ. P. 9.

### FOURTH AFFIRMATIVE DEFENSE

Norfolk & Dedham denies that it breached any contract or engaged in any unfair or deceptive acts or practices or acted in bad faith in any way.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiffs' claims for contribution or any allocation of fault are barred in whole or in part because the underlying plaintiffs do not have a viable claim against Norfolk & Dedham. To the extent that the underlying plaintiffs do have a potential claim for negligence against any party, Norfolk & Dedham states that the underlying plaintiffs' claims are barred in whole or in part because their own contributory and/or comparative negligence was the cause of their damages.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff's claims for contribution or any allocation of fault are barred in whole or in part because the underlying plaintiffs do not have a viable claim against Norfolk & Dedham. To the extent that the underlying plaintiffs do have a potential claim for negligence against any party, Norfolk & Dedham states that the underlying plaintiffs' claims are barred in whole or in part because of the pre-existing conditions and their failure to mitigate any damages.

### SEVENTH AFFIRMATIVE DEFENSE

The defendant states that to the extent that plaintiffs seek to recover punitive damages pursuant to M.G.L. c. 93A, they have failed to adhere to the conditions precedent to bringing such an action and as such, any claim pursuant to that statute should be dismissed.

## IMPROPER VENUE

And further answering, the defendant says that the amended complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue.

## PERSONAL JURISDICTION

And further answering, the defendant says that the court does not have personal jurisdiction over the defendant, wherefore, the defendant requests that this action be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

## JURY CLAIM

THE DEFENDANT, NORFOLK & DEDHAM MUTUAL FIRE INSURANCE COMPANY, INC. HEREBY MAKES A CLAIM FOR A TRIAL BY JURY.

**Defendant,
NORFOLK & DEDHAM MUTUAL
FIRE INSURANCE COMPANY.**
By its attorneys,

/s/ *William L. Keville, Jr.*
_____
William L. Keville, Jr., BBO: #546525
Christopher D. George, BBO: #670428
Melick & Porter, LLP
One Liberty Square, 7th Floor
Boston, Massachusetts 02109
Telephone:  (617) 523-6200
Facsimile:  (617) 523-8130
wkeville@melicklaw.com
cgeorge@melicklaw.com

Dated: October 5, 2020

## **CERTIFICATE OF SERVICE**

      I, William L. Keville, Jr., hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and electronically mailed copies will be sent to those indicated as non-registered participants on this date.

George C. Maroun, Jr.
91 Montvale Avenue, Suite 200
Stoneham, MA 02180

/s/ *William L. Keville, Jr.*
_____

Dated: October 5, 2020          William L. Keville, Jr.