UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KRISTIN RENEE MAROUN and
GEORGE CHARLES MAROUN, JR.,
    Plaintiffs,

v.                                                          CIVIL ACTION NO. 1:20-11523-MPK[1]

NORFOLK & DEDHAM MUTUAL
FIRE INSURANCE COMPANY,
JEFFREY JAMES OWENS and
THE ESTATE OF JEFFREY JAMES
OWENS,
    Defendants.

MEMORANDUM AND ORDER ON DEFENDANT, NORFOLK & DEDHAM MUTUAL
FIRE INSURANCE COMPANY'S MOTION TO SEVER AND STAY PLAINTIFFS'
CHAPTER 93A/176D ACTION PENDING RESOLUTION OF PLAINTIFFS' UNDERLYING
TORT CLAIM (#28).

KELLEY, U.S.M.J.

I. Introduction.

This is a negligence and unfair settlement case following an automobile accident. On August 13, 2020, plaintiffs, Kristin Renee Maroun and George Charles Maroun, Jr., who are residents of New Hampshire, filed a complaint in this court against defendants, Jeffrey James Owens, a former resident of Massachusetts, the Estate of Jeffrey Owens (collectively, the Estate),[2] Norfolk & Dedham Mutual Fire Insurance Company (Norfolk), an insurance company incorporated in Massachusetts with a principal office located in Dedham, Massachusetts, and

---

[1] With the parties' consent, this case has been assigned to the undersigned for all purposes, including trial and the entry of judgment, pursuant to 29 U.S.C. § 636(c). (#8.)

[2] According to plaintiffs' amended complaint, "Owens passed away suddenly sometime after" the automobile accident. (#1 ¶ 10.) It is unclear from the pleadings whether the accident caused Owens' death.

1

Geico General Insurance Company,[3] pursuant to 28 U.S.C. § 1332 (diversity of citizenship). *See* #1; Massachusetts Corporations Search Entity Summary, https://corp.sec.state.ma.us/CorpWeb/CorpSearch/CorpSummary.aspx?sysvalue=KAJbnD7GbSqmPCzBEC6H74vZUHaNdPxfwYwfMjOoGYI- (last visited Feb. 3, 2021). On September 30, 2020, plaintiffs filed an amended complaint against the Estate and Norfolk. (#12.) Plaintiffs' amended complaint alleges claims for negligence (counts I and II) and negligent infliction of emotional distress (counts IV and V) against the Estate, and a claim for violations of Mass. Gen. Laws ch. 93A and 176D, § 3 against Norfolk (count III). *See id.*

On November 5, 2020, Norfolk filed the present motion to sever and stay. (#28.) The motion has been fully briefed. (## 28-1, 30.)

## II.  Factual Background.

The court takes the following facts from plaintiffs' amended complaint, the operative pleading. (#12.)

On August 13, 2017, plaintiffs were passengers traveling northbound on Interstate 93 in Salem, New Hampshire, when their vehicle was "struck on the right rear quarter . . . by [a] vehicle operated by Owens." *Id.* ¶¶ 13–14, 26. Plaintiffs allege that their "vehicle was hit with such impact [that] it rolled three times and ended up in a ditch off of Interstate 93[,]" and that they were both seriously injured and required medical treatment at Parkland Medical Center, in Derry, New Hampshire. *Id.* ¶¶ 17–18, 29–30. They claim that a Traffic Crash Report, generated by the New Hampshire State Police on the date of the accident, determined that Owens had 1) failed to stay in the proper lane; 2) disregarded road markings; and 3) operated his vehicle in an inattentive,

---

[3] Geico has since been terminated as a party.

careless, negligent, or erratic manner. *Id.* ¶¶ 15, 27. They further allege that Owens was cited as being "Under the Influence of Medication/Drugs/Alcohol" at the time of the crash. *Id.* ¶¶ 16, 28.

Following the accident, plaintiffs filed a claim with Norfolk, Owens' automobile insurance carrier. *See id.* ¶¶ 2, 36. Plaintiffs allege that, although they "provided in a timely fashion to Norfolk all requested medical bills, reports, photographs[,] and additional materials in their possession to allow Norfolk to properly investigate [their] claim[,]" as well as a "demand package . . . which clearly outlined [their] injuries," Norfolk refused to offer any reasonable settlement amount in violation of chapters 93A and 176D, § 3. *Id.* ¶¶ 37–38, 40. Specifically, plaintiffs claim that Norfolk refused to pay their claims "without conducting a reasonable investigation based upon all information"; failed "to effectuate prompt, fair[,] and equitable settlement of [their] claims" although liability had "become reasonably clear"; and failed "to provide a reasonable explanation of the basis" for its denial of their claims. *Id.* ¶ 43. Plaintiffs allege that Norfolk committed each of these actions in bad faith. *Id.* ¶ 44. Norfolk denies all of plaintiffs' allegations. *See* #14; #28-1 at 2.

For the following reasons, Norfolk's motion to sever and stay (#28) is GRANTED. Plaintiffs' chapter 93A and 176D claims against Norfolk are stayed pending the resolution of their underlying tort claims against the Estate.

### III. Legal Analysis.

Norfolk argues that severing the 93A and 176D claims against it "would avoid unnecessary time, costs[,] and judicial efforts associated with litigating the claim[s]." (#28-1 at 3.) "In addition, severance of [the claims] would prevent undue prejudice [against all defendants] by shielding privileged information and work product from premature discovery." *Id.* Plaintiffs disagree, citing *Wyler v. Bonnell Motors, Inc.*, a 1993 Massachusetts Appeals Court case, for the proposition

"[t]hat bifurcation of [a] common law claim and [a chapter] 93A claim has little to [commend,]" and "it is the norm as well as the preferred practice for a judge to try common law and . . . 93A claims simultaneously." (#30 at 2 (quoting *Wyler*, 35 Mass. App. Ct. 563, 566 (1993).))

The court agrees with Norfolk. First, *Wyler* is distinguishable from the present case. Unlike the present case, *Wyler* did not involve a motion to sever and/or stay. Rather, the issue in *Wyler* was whether, if 93A damages were to be assessed after an underlying common law case had gone to judgment, a different judge who heard the related 93A claim was bound to accept the previously-assessed common law damages for purposes of determining the 93A damages. *Wyler v. Bonnell Motors*, 35 Mass. App. Ct. 563, 563–64 (1993). Furthermore, unlike here, *Wyler* involved common law and 93A claims against the same party rather than separate parties. *Id.* at 566.

Second, Massachusetts appellate courts have recently held that where, as here, a plaintiff makes both tort claims against an insured and unfair settlement claims against its insurer in the same suit, it is "common . . . practice" to sever the unfair settlement claims and "stay[] them pending resolution of the tort action." *Rivera v. Commerce Ins. Co.*, 84 Mass. App. Ct. 146, 147 n.4 (2013); *see also M.J. Flaherty Co. v. U.S. Fid. & Guar. Co.*, 61 Mass. App. Ct. 337, 340 (2004) ("if a claim for unfair settlement practices is brought with the original liability suit, Superior Court judges may take the sensible step of staying the unfair settlement claim pending the outcome of the underlying negligence claim"); *see also* #28-3 at 5–7, 12–13 (citing *Santacroce v. Sametz*, No. 2014-J-0383 (Mass. App. Ct. Oct. 31, 2014), *Collins v. Wayne Dalton Corp.*, No. ESCV2013-02092A (Mass. Super. Ct. Apr. 14, 2014), and *Sdankus v. Broadspire Servs. Inc.*, No. ESCV2013-00624D (Mass. Super Ct. Aug. 27, 2013)).

Norfolk correctly points out that litigation of the claims against it is premature because the potential liability of Owens and the Estate has yet to be determined. (#28-1 at 4.) Specifically, "[i]f

4

the defendants prevail in the underlying [tort] action, judicial consideration of the . . . 93A/176D claim[s] against Norfolk . . . will be moot[,]" and "all of the judicial resources expended on the matter might prove for naught[.]" *Id.* at 4, 6; *see Wilson v. Copen*, 244 F.3d 178, 180–81 (1st Cir. 2001) (noting that unfair settlement claim would not lie if insured was not held liable in negligence); *see also* #28-3 at 13 (*Sdankus*, No. ESCV2013-00624D, finding that "a stay . . . will most likely promote judicial economy, notwithstanding the possibility of two trials").

Furthermore, allowing the claims to proceed simultaneously would be unfairly prejudicial to both Norfolk and the Estate and could well compromise their ability to defend against plaintiffs' claims. The Massachusetts Court of Appeals has explained: "With respect to discovery, the insurer's files are generally viewed as likely containing two types of information, namely, percipient evidence relevant to the underlying tort action against its insured, and claims handling information [concerning the insurer's mental impressions and conclusions prepared in anticipation of trial] which is likely immaterial to the underlying tort action" and subject to privilege. (#28-3 at 6 (*Santacroce*, No. 2014-J-0383).) Having the tort claims and the unfair settlement claims proceed at the same time creates the risk that Norfolk's privileged materials would be prematurely produced. *See id.* at 6–7. Depending on the contents of Norfolk's claims file, i.e., if the file reveals unfavorable impressions of liability, or that Norfolk knew it should have taken more steps toward settlement, a jury may look unfavorably on the Estate in the underlying tort claims. In contrast, if the claims are severed, plaintiffs will still be able to pursue their unfair settlement practices claims against Norfolk after the tort suit is resolved.

IV. Conclusion

For the reasons stated above, defendant, Norfolk & Dedham Mutual Fire Insurance Company's motion to sever and stay (#28) is GRANTED.

February 5, 2021                                            /s/ M. Page Kelley
                                                            M. Page Kelley
                                                            Chief United States Magistrate Judge